NOT FOR PUBLICATION                                    (Doc. No. 1)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GARVIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CITY OF PHILADELPHIA, et. al. : | : |
| | : |
| Defendants. | : |
| | : |

Civil No. 15-644 (RBK)

**MEMORANDUM OPINION**

FILED

SEP 10 2015

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**KUGLER**, United States District Judge:

Plaintiff Umar R. Garvin, an inmate currently confined at the Philadelphia Industrial

Correctional Center, seeks to proceed in this civil action *in forma pauperis*, without prepayment

of fees or security therefor. (Doc. No. 1.) Plaintiff attaches a Complaint alleging that the above-

named Defendants violated his civil rights. Plaintiff seeks compensatory and punitive damages.

Civil actions brought *in forma pauperis* are governed by 28 U.S.C. § 1915. The Prison

Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996)

(the"PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for

prisoners attempting to bring a civil action or file an appeal *in forma pauperis*.

Under the PLRA, a prisoner seeking to bring a civil action *in forma pauperis* must submit

an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the

fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust

fund account statement(s) for the six-month period immediately preceding the filing of his

complaint. 27 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the

appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In this action, Plaintiff has filed the appropriate application for seeking leave to proceed *in forma pauperis*. (Doc. 1.) However, an authorized prison official has not certified Plaintiff's application, and Plaintiff has not attached a certified copy of his inmate trust fund account statement for the six-month period preceding the filing of his Complaint. Therefore, Plaintiff's application is incomplete.

Plaintiff claims that a prison official refused to certify his account balance. (Doc. 1 at 2.) Plaintiff needs to provide the Court with more facts to support this allegation, such as the identity of the officers who refused to certify his account balance and the dates on which Plaintiff attempted to obtain the officers' certification. If Plaintiff is still unsuccessful in obtaining an officer's certification, Plaintiff must include such specifics in his next application to this Court.

The allegations in the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed *in forma pauperis* will be denied without prejudice, and the Clerk of the court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.

2

Plaintiff will be granted **thirty (30)** days to move to re-open.[1] An appropriate Order will accompany this Opinion.

Dated:   9/8/2015                              s/Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                       United States District Judge

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir.1996); see also Williams–Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir.1995).